EPIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BODUM USA, INC. Plaintiff, v. STARBUCKS CORPORATION, Defendant. | No. |

## COMPLAINT

Plaintiff Bodum USA, Inc. ("Bodum") by its attorneys, Vedder Price P.C., for its Complaint against Defendant Starbucks Corporation ("Starbucks") alleges as follows:

## NATURE OF ACTION

1. Bodum seeks damages for breach of contract because of Starbucks prohibited sale of a French press coffeemaker, which sale violates the terms of a settlement agreement previously entered into between the parties.

## THE PARTIES

2. Bodum is a corporation organized and existing under the laws of Delaware with its principal place of business in New York, New York.

3. Bodum is in the business of, among other things, importing, distributing, promoting and selling specialty housewares, including non-electric coffee makers and related items under the federally registered trademark BODUM®, throughout the United States, including this Judicial District.

4. Starbucks is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Seattle, Washington. Since 1971, Starbucks

Corporation, or its predecessor in interest, has continuously conducted business under the trade names "Starbucks," "Starbucks Coffee Company" and "Starbucks Coffee."

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, upon information and belief, Starbucks has caused Bodum hundreds of thousands of dollars in damages, including a decrease in market share, lost profits and brand damage, among other losses.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## FACTS COMMON TO ALL COUNTS

7. Bodum has been building a business focused on selling beautifully designed houseware products since 1944 and began selling French press coffeemakers in the 1970s.

8. Bodum's flagship product is the CHAMBORD® French press, which Bodum began distributing in 1983 and then acquired the exclusive rights to in 1991.

9. The CHAMBORD® is the original, iconic French press design. It was initially designed in the 1930s in France, using the towers of the Chambord Chateau Castle as the inspiration for the shape of the frame.

10. Since Bodum began distributing, and later acquiring, the CHAMBORD®, Bodum has expended substantial amounts of money, time and effort to acquire, develop, advertise and promote its CHAMBORD® coffeemaker. Through Bodum's efforts over more than 30 years, the CHAMBORD® French press has become an iconic design and is recognized in the market as distinctly connected to Bodum.

2

11. In addition to the CHAMBORD®, Bodum has designed and developed a variety of other popular French press coffeemakers.

12. Bodum and Starbucks have done business involving various product lines, including French presses, for three decades.

13. For many years, Bodum has been the exclusive seller of French presses to Starbucks, including developing custom designs for Starbucks.

*The 2008 Settlement Agreement*

14. On January 14, 2008, the parties entered into a Confidential Settlement Agreement and Release ("2008 Agreement"). The 2008 Agreement stemmed from a lawsuit filed in the Northern District of Illinois alleging that Starbucks infringed upon the trade dress of Bodum's CHAMBORD® French press coffeemaker.

15. The terms of the 2008 Agreement are confidential.

16. Starbucks is privy to Bodum's designs for French press carafes and plungers, as well as dozens of aesthetic exterior designs.

17. Starbucks cannot stock products with these designs without Bodum's approval.

18. In bringing clarity to the terms of the 2008 Agreement, both Bodum and Starbucks have recognized that the effect of the 2008 Agreement is that Bodum has a right of first refusal for Starbucks's French press product offerings.

19. Starbucks's conduct, until now, has reinforced this recognition. When Starbucks contemplated offering any French press coffeemaker product, it approached Bodum to source the product. Only if Bodum declined to supply the product did Starbucks source the product from another vendor.

20. In sum, since the 2008 Agreement, the parties have understood that Bodum is the exclusive supplier of French presses to Starbucks, unless Bodum declines to supply a French press that Starbucks has requested.

*Starbucks Sells the Espro-branded French Press in Violation of the 2008 Agreement*

21. Starbucks has sold and is currently selling an Espro-branded French press ("Espro Product"). This conduct violates the 2008 Agreement.

22. The Espro Product is being sold in the United States either directly in Starbucks's stores or on online platforms. An image of this product is attached hereto as **Exhibit 1**.

23. In late 2022, senior leadership at Bodum had a meeting with Kelly Bengston, Senior Vice President and Chief Procurement Officer at Starbucks. At this meeting, Bodum leadership reminded Ms. Bengston that Starbucks's sale of a competing French press violated the 2008 Agreement.

24. Despite this reminder, Starbucks continued sales of the Espro Product.

25. On December 14, 2022, counsel for Bodum sent a Notice of Breach letter to Starbucks's counsel, advising of the breach of the 2008 Agreement and demanding removal of the Espro Product.

26. Starbucks refused to stop selling the Espro Product in response to the Notice of Breach letter.

27. Based on the continued sales of the Espro Product, Bodum continues to incur damages, including but not limited to, a decrease in market share, lost profits and brand damage.

## COUNT I: BREACH OF 2008 AGREEMENT

28. Bodum repeats and incorporates by reference each and every allegation set forth in paragraphs 1 through 27, inclusive.

29. Bodum and Starbucks entered into the 2008 Agreement, which is a valid and binding contract.

30. Bodum performed any and all obligations under the 2008 Agreement.

31. Starbucks has breached the 2008 Agreement by impermissibly selling the Espro Product.

32. Bodum has been damaged by Starbucks's wrongful conduct, including but not limited to a decrease in market share, lost profits and brand damage.

WHEREFORE, Plaintiff Bodum USA, Inc., requests that this Court enter judgment against Defendant Starbucks Corporation:

(a) An award of damages for the damages Bodum has suffered as a result of Starbucks's breach of contract;

(b) Costs and expenses incurred in pursuing this action, including reasonable attorneys' fees to the extent permitted by law; and

(c) Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Bodum USA, Inc. demands trial by jury.

Respectfully submitted,

BODUM USA, INC.

By:   s/ *Nicole J. Wing*
      One of Its Attorneys

Nicole J. Wing, Bar No. 6291632
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500

Dated: May 10, 2023