REDACTED PUBLIC VERSION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BODUM USA, INC., and PI-DESIGN AG, <br><br> Plaintiffs, <br> v. <br><br> STARBUCKS CORPORATION, <br><br> Defendant. | Case No. 1:23-cv-02946 <br><br> Hon. Andrea R. Wood |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

NOW COMES Defendant Starbucks Corporation ("Starbucks") and respectfully submits this answer in response to the Amended Complaint of Plaintiff Bodum USA, Inc. and Pi-Design AG (collectively "Bodum," and together with Starbucks, the "Parties"). Starbucks generally denies each and every allegation of the Amended Complaint not expressly admitted. To the extent Starbucks incorporates Bodum's headings into this Answer, Starbucks does so for organizational purposes only and does not admit any of the allegations in Bodum's headings. To the extent allegations exist in any headings that Starbucks does not incorporate into this Answer, Starbucks denies the allegations in said headings. Starbucks reserves the right to amend its Answer consistent with the facts discovered in the case. Starbucks hereby specifically answers the Amended Complaint as follows:

**NATURE OF ACTION**

1. Answering paragraph 1, Starbucks admits that the Amended Complaint purports to seek damages for breach of contract with respect to the sale of a French press coffeemaker, but Starbucks denies that claim has any merit. Starbucks denies the remaining allegations in this paragraph.

REDACTED PUBLIC VERSION

## THE PARTIES

2.  Answering paragraph 2, Starbucks lacks sufficient knowledge or information necessary to admit or deny, and therefore denies the allegations in this paragraph.

3.  Answering paragraph 3, Starbucks lacks sufficient knowledge or information necessary to admit or deny, and therefore denies the allegations in this paragraph.

4.  Answering paragraph 4, Starbucks lacks sufficient knowledge or information necessary to admit or deny, and therefore denies the allegations in this paragraph.

5.  Starbucks admits the allegations in paragraph 5.

## JURISDICTION AND VENUE

6.  Answering paragraph 6, Starbucks admits this Court has subject matter jurisdiction over this action, but denies the remaining allegations in this paragraph.

7.  Starbucks admits the allegations in paragraph 7.

## FACTS COMMON TO ALL COUNTS

8.  Answering paragraph 8, Starbucks lacks sufficient knowledge or information necessary to admit or deny, and therefore denies the allegations in this paragraph.

9.  Answering paragraph 9, Starbucks lacks sufficient knowledge or information necessary to admit or deny, and therefore denies the allegations in this paragraph.

10. Answering paragraph 10, Starbucks lacks sufficient knowledge or information necessary to admit or deny, and therefore denies the allegations in this paragraph.

11. Answering paragraph 11, Starbucks lacks sufficient knowledge or information necessary to admit or deny, and therefore denies the allegations in this paragraph.

12. Answering paragraph 12, Starbucks lacks sufficient knowledge or information necessary to admit or deny, and therefore denies the allegations in this paragraph.

**REDACTED PUBLIC VERSION**

13. Answering paragraph 13, Starbucks admits that Starbucks has purchased products from Bodum, including French presses, at various times in the past three decades, but denies the remaining allegations in this paragraph.

14. Starbucks denies the allegations in paragraph 14.

15. Answering paragraph 15, Starbucks states that the Confidential Settlement Agreement and Release ("2008 Agreement") is the best evidence of the content and factual assertions set forth in this paragraph, and to the extent this paragraph asserts factual or legal allegations different from or unsupported by the referenced document, those allegations are denied.

16. Starbucks admits the allegations in paragraph 16.

17. Starbucks denies the allegations in paragraph 17.

18. Starbucks denies the allegations in paragraph 18.

19. Starbucks denies the allegations in paragraph 19.

20. Starbucks denies the allegations in paragraph 20.

21. Starbucks denies the allegations in paragraph 21.

22. Answering paragraph 22, Starbucks admits that it sold and is currently selling an off-the-shelf Espro-branded French press coffeemaker ("Espro Product"), but denies the remaining allegations of this paragraph.

23. Answering paragraph 23, Starbucks admits that the Espro Product is being sold in certain Starbucks stores in the United States, but lacks sufficient knowledge or information necessary to admit or deny the remaining allegations, and therefore denies the remaining allegations in this paragraph.

24. Answering the first sentence of paragraph 24, Starbucks admits senior leadership at Bodum met with Kelly Bengston, Senior Vice President and Chief Procurement Officer at

REDACTED PUBLIC VERSION

Starbucks in late 2022. Answering the second sentence of paragraph 24, Starbucks admits that Bodum leadership stated its interpretation of the 2008 Agreement, but Starbucks never agreed with that interpretation and denies such interpretation is correct and further denies that Starbucks sale of a competing French press violates any contractual obligation of Starbucks. Starbucks denies the remaining allegations in this paragraph.

25. Answering paragraph 25, Starbucks admits that it continues to sell the Espro Product, and denies the remaining allegations in this paragraph.

26. Answering paragraph 26, Starbucks admits that counsel for Bodum sent a Notice of Breach letter to Starbucks dated December 14, 2022, but denies the remaining allegations in this paragraph.

27. Starbucks admits it continued to sell the Espro Product after receiving Bodum's December 14, 2022 letter and denies that doing so breached the 2008 Agreement.

28. Starbucks denies the allegations in paragraph 28.

## COUNT I: BREACH OF 2008 AGREEMENT

29. Starbucks realleges and incorporates all preceding paragraphs of this Answer as if fully set forth herein.

30. Answering paragraph 30, Starbucks states that the allegations in this paragraph contain conclusions of law to which no response is required, and therefore denies the allegations in this paragraph.

31. Answering paragraph 31, Starbucks states that the allegations in this paragraph contain conclusions of law to which no response is required, and therefore denies the allegations in this paragraph.

32. Starbucks denies the allegations in paragraph 32.

33. Starbucks denies the allegations in paragraph 33.

## PRAYER FOR RELIEF

WHEREFORE, Defendant, Starbucks Corporation, denies that Plaintiff is entitled to any of the relief request in the "Wherefore" clause, and respectfully requests that the Court dismiss the Amended Complaint in its entirety, and enter judgment in favor of Starbucks and against Bodum.

## AFFIRMATIVE DEFENSES

Without assuming Bodum's burden of proof on any issue, Starbucks alleges the following affirmative defenses. The full extent to which Bodum's claims may be barred by one or more affirmative defenses, if not specifically set forth below, cannot be determined until Starbucks has had an opportunity to complete discovery. Therefore Starbucks reserves the right to assert additional defenses in the event discovery indicates that would be appropriate. In asserting the following affirmative defenses, Starbucks repeats and realleges each and every allegation set forth above, as well as those set forth in its Counterclaim *infra*, as if fully set forth therein.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted against Starbucks.

## SECOND DEFENSE

The Amended Complaint fails because Bodum has not suffered any damage or injury as a result of any act or conduct of Starbucks.

## THIRD DEFENSE

The Amended Complaint fails because Bodum's damages, if any, were not caused, in whole or in part, by the alleged conduct of Starbucks.

## FOURTH DEFENSE

Bodum has failed to mitigate its alleged damages.

### FIFTH DEFENSE

The Amended Complaint is barred by Bodum's own breach of contract.

### SIXTH DEFENSE

The Amended Complaint is barred by the doctrine of estoppel.

### SEVENTH DEFENSE

The Amended Complaint is barred by Bodum's unclean hands.

### EIGHTH DEFENSE

The Amended Complaint is barred by waiver and/or laches.

### NINTH DEFENSE

The Amended Complaint is barred due to no meeting of the minds with respect to the essential terms of Section 1 of the 2008 Agreement.

### TENTH DEFENSE

The Amended Complaint is barred due to ambiguity of the essential terms of Section 1 of the 2008 Agreement.

### ELEVENTH DEFENSE

The Amended Complaint is barred because Section 1 of the 2008 Agreement, as interpreted by Bodum, constitutes an unenforceable restraint of trade.

### TWELFTH DEFENSE

The Amended Complaint is barred on grounds of unilateral or mutual mistake. A basic premise of the 2008 Agreement was that Bodum could produce evidence that the Chambord French Press had acquired a secondary meaning, when in fact it could not do so at that time.

### THIRTEENTH DEFENSE

REDACTED PUBLIC VERSION

The Amended Complaint is barred on grounds that Section 1 of the 2008 Agreement, as interpreted by Bodum, is an agreement in perpetuity that is terminable at will.

## COUNTERCLAIM

Counterclaimant, Starbucks Corporation ("Starbucks"), alleges the following counterclaim for Declaratory Judgment against Bodum USA, Inc. and Pi-Design, AG (together "Bodum," and together with Starbucks, the "Parties") as follows:

## NATURE OF THE CLAIMS

1. Fifteen years ago, Bodum and Starbucks settled a litigation involving a claim of trade dress infringement ("2008 Agreement").

2. Now, Bodum seeks to create new terms in the 2008 Agreement that never existed – specifically, to impose a perpetual obligation on Starbucks to purchase French press coffeemakers exclusively from Bodum, or offer Bodum the first right of refusal for such products.

3. Bodum's new interpretation of the 2008 Agreement is not supported by the plain language of the agreement, the intent of the Parties, or the interpretation of the agreement as evidenced in prior litigation.

4. Bodum's Amended Complaint asks the Court to grant it exclusivity rights the Parties never contemplated, bargained for, or agreed to.

## PARTIES

5. On information and belief, Bodum USA Inc., is in the business of importing, distributing, and selling housewares, including French press coffeemakers.

6. Bodum product sales occur in this Judicial District.

7. On information and belief, Pi-Design AG is headquartered in Lucerne, Switzerland, and is a subsidiary of Bodum Holding AG.

8. Bodum USA is a licensee of Pi-Design AG in the United States.

9. Starbucks is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Seattle, Washington.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

11. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to execution of the 2008 Agreement occurred in this District.

## FACTS

### *Bodum's 2007 Lawsuit and the 2008 Agreement*

12. On or about January 14, 2008, Starbucks, Bodum USA, Inc., and PI-Design AG entered into an agreement entitled "Confidential Settlement Agreement and Release" (the "2008 Agreement"), the terms of which are confidential.

13. The 2008 Agreement resolved a lawsuit initiated by Bodum against Starbucks in 2007 captioned *Bodum USA, Inc. and Pi-Design AG v. Starbucks, Inc.*, C.A. No. 07-5303 (N.D. Ill. 2007), which alleged, among other things, that a Starbucks French press coffeemaker referred to as the "Anniversary Press" infringed Bodum's purported Chambord trade dress under 15 U.S.C. § 1125(a) ("2007 Lawsuit"). Starbucks filed an Answer and Affirmative Defenses in the case (Dkt. No. 15).

14. In the 2007 Lawsuit, in addition to its trade dress allegations, Bodum alleged that it had presented a prototype to Starbucks during the design and development phase of the

Anniversary Press, and that Starbucks developed the allegedly infringing product with a different supplier. Starbucks denied these allegations.

15. ████████████████████████████████████████████████████████████
████████████████████████████████████████

16. ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████

17. Specifically, Section 1 of the 2008 Agreement states:



18. The 2008 Agreement does not define any term contained in Section 1.

19. The 2008 Agreement ████████████████████████████████
████████████████████████████

20. The 2008 Agreement has no termination date or provisions governing termination.

21. The 2008 Agreement lacks any geographic scope or limitation.

22. Bodum's Amended Complaint alleges that "the effect of the 2008 Agreement is that Bodum has a right of first refusal for Starbucks's French press product offerings," and "Bodum is the exclusive supplier of French presses to Starbucks, unless Bodum declines to supply a French press that Starbucks has requested." Am. Compl. ¶¶ 18-21.

23. Bodum's allegations in paragraphs 18-21 of the Amended Complaint have no support in the plain language of Section 1 of the 2008 Agreement, and was not the intent of the

Parties at the time the 2008 Agreement was negotiated and executed.

24. Bodum's allegations in paragraphs 18-21 of the Amended Complaint are also inconsistent with Bodum's prior representations.

*Bodum's changing interpretations of the 2008 Agreement*

25. The Amended Complaint is the first lawsuit in which Bodum construes the 2008 Agreement as an exclusivity agreement.

26. In a 2019 lawsuit against Starbucks, captioned *Bodum Holding AG et al v. Starbucks Corporation*, C.A. 1:19-cv-04280-ER (S.D.N.Y 2019), Bodum identified specific double-walled glassware products it allegedly "proposed" to Starbucks, and further alleged that Starbucks breached the 2008 Agreement by selling non-Bodum double-walled glass products because those products ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("2019 Lawsuit"). *Id.*, Dkt. No. 93, ¶¶ 105–107.

27. Bodum did not allege in the 2019 Lawsuit, as it does in this Amended Complaint, that the 2008 Agreement granted Bodum exclusivity or first right of refusal with respect to French press product offerings, or any other product developed or sold by Starbucks.

28. Nor did Bodum previously claim that any of the French press coffeemakers Starbucks sourced from other suppliers and sold over the years breached the 2008 Agreement.

29. Under Bodum's new interpretation of the 2008 Agreement, Starbucks is foreclosed in perpetuity from offering its customers French press coffeemakers that are more affordable or of higher quality than what Bodum may offer unless Bodum agrees that Starbucks may do so. Not only is this not what the 2008 Agreement states, but Starbucks would never have agreed to such a provision. No reasonable company would.

REDACTED PUBLIC VERSION

*The Espro Press*

30. Starbucks has no contractual obligation to purchase French press coffeemakers or any other product exclusively from Bodum, or to offer Bodum the first right of refusal for the sale of any French press coffeemaker or other product.

31. In March 2022, Starbucks began selling an off-the-shelf French press coffeemaker developed by Espro (or its parent entity Regal Ware, Inc.) ("Espro Press").

32. Starbucks has offered the Espro Press for sale at select Starbucks Reserve locations in the United States.

33. On information and belief, Espro has been offering the Espro Press for sale in the United States from as early as June 18, 2019, and—in Canada—from as early as April 19, 2017.

34. On further information and belief, Bodum has asserted no violation of its intellectual property or trade dress rights against Espro or Regal Ware, Inc. in connection with the Espro Press, which would be expected if Bodum truly believed the press embodied Bodum's proprietary designs.

35. The Espro Press is an off-the shelf-product, meaning Starbucks had no input in the design or development of the Espro Press.

36. Starbucks therefore neither [REDACTED] with respect to the Espro Press as contemplated in Section 1 the 2008 Agreement.

**COUNT I: DECLARATORY JUDGMENT**

37. Starbucks repeats and incorporates by reference each and every allegation set forth in paragraphs 1–36.

38. There exists an actual, imminent and justiciable controversy between Starbucks and

Bodum regarding the enforceability and interpretation of Section 1 of the 2008 Agreement.

39. In addition, there exists an actual, imminent and justiciable controversy between Starbucks and Bodum regarding whether Section 1 imposes any obligation on Starbucks to purchase French press coffeemakers or other products from Bodum.

40. Resolution of this issue through the declaratory judgment procedure will enable the Parties to adjudicate their rights at this time and thus avoid any possible harm from delay in resolving the issue.

41. Starbucks therefore requests a judicial determination that Section 1 of the 2008 Agreement is unenforceable against Starbucks under Illinois law on grounds that (1) material terms of Section 1 concerning Starbucks sale of non-Bodum products are ambiguous; (2) there was no meeting of the minds or mutual assent to essential terms of Section 1 concerning Starbucks sale of non-Bodum products; and (3) Section 1, as interpreted by Bodum, is an unreasonable noncompete agreement in restraint of trade.

42. Alternatively, in the event that this Court holds that the 2008 Agreement is an exclusivity agreement or right of first refusal, which Starbucks disputes, Starbucks requests a judicial determination that the 2008 Agreement is a contract of indefinite duration and terminable at will under Illinois law.

## **PRAYER FOR RELIEF**

WHEREFORE, Starbucks prays for judgment as follows:

A. A declaratory judgment that (1) Section 1 of the 2008 Agreement is unenforceable against Starbucks; and/or, alternatively, (2) the 2008 Agreement is terminable at will.

B. Such other relief that this Court deems just and proper.

DATED: June 14, 2023	Respectfully submitted,

*/s/ Kari L. Vander Stoep*

**K&L Gates LLP**

Brian J. Smith
ARDC No. 6321543
Ketajh M. Brown
ARDC No. 1106210
K&L GATES LLP
70 West Madison Street
Suite 3300
Chicago, Illinois 60602
Phone: 312.807.4448
Brian.J.Smith@klgates.com
Ketajh.Brown@klgates.com


Pallavi Mehta Wahi (*pro hac vice*)
Kari L. Vander Stoep (*pro hac vice*)
Ashley E.M. Gammell (*pro hac vice*)
K&L GATES LLP
925 Fourth Avenue
Suite 2900
Seattle, Washington 98104
Phone: 206.623.7580
Pallavi.Wahi@klgates.com
Kari.Vanderstoep@klgates.com
Ashley.Gammell@klgates.com

*Counsel for Defendant Starbucks Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2023, I caused a true and correct copy of the foregoing document to be served upon all counsel of record via the Court's ECF system.

/s/ *Kari L. Vander Stoep*

Kari L. Vander Stoep (*pro hac vice*)
**K&L GATES LLP**
925 Fourth Avenue
Suite 2900
Seattle, Washington 98104
Phone: 206.623.7580
Kari.Vanderstoep@klgates.com

*Counsel for Defendant Starbucks Corporation*