IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

BODUM USA INC., and PI-DESIGN AG,

    Plaintiffs,

v.

STARBUCKS CORPORATION,

    Defendant.

No. 1:23-cv-02946

## ANSWERS TO COUNTERCLAIM

NOW COME the Plaintiffs, Bodum USA, Inc. and Pi-Design AG ("Bodum"), and respectfully submit this Answer in response to the Starbucks Corporation's ("Starbucks") Counterclaim for Declaratory Judgment ("Counterclaims"). (Dkt. #18 ). Bodum generally denies each and every allegation of the Counterclaim that is not expressly admitted herein. To the extent Bodum incorporates Starbucks's headings into this Answer, Bodum does so for organizational purposes only and does not admit any of the allegations in Starbucks's headings. To the extent allegations exist in any headings that Bodum does not incorporate into this Answer, Bodum denies the allegations in said headings. Bodum reserves the right to amend its Answer consistent with the facts discovered in the case. Bodum hereby specifically answers the Counterclaims as follows:

## NATURE OF THE CLAIMS

**ALLEGATION NO. 1:**

Fifteen years ago, Bodum and Starbucks settled a litigation involving a claim of trade dress infringement ("2008 Agreement").

**ANSWER:**

Bodum admits that Bodum and Starbucks executed a settlement agreement in 2008 ("2008 Agreement"). Bodum states that the 2008 Agreement speaks for itself and denies any allegations

contrary to the terms of the 2008 Agreement. Bodum denies the remaining allegations of Paragraph No. 1.

**ALLEGATION NO. 2:**

Now, Bodum seeks to create new terms in the 2008 Agreement that never existed – specifically, to impose a perpetual obligation on Starbucks to purchase French press coffeemakers exclusively from Bodum, or offer Bodum the first right of refusal for such products.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 2.

**ALLEGATION NO. 3:**

Bodum's new interpretation of the 2008 Agreement is not supported by the plain language of the agreement, the intent of the Parties, or the interpretation of the agreement as evidenced in prior litigation.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 3.

**ALLEGATION NO. 4:**

Bodum's Amended Complaint asks the Court to grant it exclusivity rights the Parties never contemplated, bargained for, or agreed to.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 4.

## PARTIES

**ALLEGATION NO. 5:**

On information and belief, Bodum USA Inc., is in the business of importing, distributing, and selling housewares, including French press coffeemakers.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 5.

**ALLEGATION NO. 6:**

Bodum product sales occur in this Judicial District.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 6.

**ALLEGATION NO. 7:**

On information and belief, Pi-Design AG is headquartered in Lucerne, Switzerland, and is a subsidiary of Bodum Holding AG.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 7.

**ALLEGATION NO. 8:**

Bodum USA is a licensee of Pi-Design AG in the United States.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 8.

**ALLEGATION NO. 9:**

Starbucks is a corporation organized and existing under the laws of the State of Washington with its principal place of business in Seattle, Washington.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 9.

## JURISDICTION AND VENUE

**ALLEGATION NO. 10:**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 10.

**ALLEGATION NO. 11:**

Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to execution of the 2008 Agreement occurred in this District.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 11.

## FACTS

### *Bodum's 2007 Lawsuit and the 2008 Agreement*

**ALLEGATION NO. 12:**

On or about January 14, 2008, Starbucks, Bodum USA, Inc., and PI-Design AG entered into an agreement entitled "Confidential Settlement Agreement and Release" (the "2008 Agreement"), the terms of which are confidential.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 12.

**ALLEGATION NO. 13:**

The 2008 Agreement resolved a lawsuit initiated by Bodum against Starbucks in 2007 captioned *Bodum USA, Inc. and Pi-Design AG v. Starbucks, Inc.*, C.A. No. 07-5303 (N.D. Ill. 2007), which alleged, among other things, that a Starbucks French press coffeemaker referred to as the "Anniversary Press" infringed Bodum's purported Chambord trade dress under 15 U.S.C. § 1125(a) ("2007 Lawsuit"). Starbucks filed an Answer and Affirmative Defenses in the case (Dkt. No. 15).

**ANSWER:**

Bodum admits the allegations of Paragraph No. 13.

**ALLEGATION NO. 14:**

In the 2007 Lawsuit, in addition to its trade dress allegations, Bodum alleged that it had presented a prototype to Starbucks during the design and development phase of the Anniversary Press, and that Starbucks developed the allegedly infringing product with a different supplier. Starbucks denied these allegations.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 14.

**ALLEGATION NO. 15:**

[REDACTED]

4

**ANSWER:**

Bodum states that the 2008 Agreement speaks for itself and denies any allegations contrary to the terms of the 2008 Agreement. Bodum denies the remaining allegations of Paragraph No. 15.

**ALLEGATION NO. 16:**

**ANSWER:**

Bodum states that the 2008 Agreement speaks for itself and denies any allegations contrary to the terms of the 2008 Settlement Agreement. Bodum denies the remaining allegations of Paragraph No. 16.

**ALLEGATION NO. 17:**

Specifically, Section 1 of the 2008 Agreement states:



**ANSWER:**

Bodum admits the allegations of Paragraph No. 17.

**ALLEGATION NO. 18:**

The 2008 Agreement does not define any term contained in Section 1.

**ANSWER:**

Bodum states that the 2008 Agreement speaks for itself and denies any allegations contrary to the terms of the 2008 Agreement. Bodum denies the remaining allegations of Paragraph No. 18.

**ALLEGATION NO. 19:**

The 2008 Agreement ███████████████████████████████████████

**ANSWER:**

Bodum admits the allegations of Paragraph No. 19.

**ALLEGATION NO. 20:**

The 2008 Agreement has no termination date or provisions governing termination.

**ANSWER:**

Bodum states that the 2008 Agreement speaks for itself and denies any allegations contrary to the terms of the 2008 Agreement. Bodum denies the remaining allegations of Paragraph No. 20.

**ALLEGATION NO. 21:**

The 2008 Agreement lacks any geographic scope or limitation.

**ANSWER:**

Bodum states that the 2008 Agreement speaks for itself and denies any allegations contrary to the terms of the 2008 Agreement. Bodum denies the remaining allegations of Paragraph No. 21.

**ALLEGATION NO. 22:**

Bodum's Amended Complaint alleges that "the effect of the 2008 Agreement is that Bodum has a right of first refusal for Starbucks's French press product offerings," and "Bodum is the exclusive supplier of French presses to Starbucks, unless Bodum declines to supply a French press that Starbucks has requested." Am. Compl. ¶¶ 18-21.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 22.

**ALLEGATION NO. 23:**

Bodum's allegations in paragraphs 18-21 of the Amended Complaint have no support in the plain language of Section 1 of the 2008 Agreement, and was not the intent of the Parties at the time the 2008 Agreement was negotiated and executed.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 23.

**ALLEGATION NO. 24:**

Bodum's allegations in paragraphs 18-21 of the Amended Complaint are also inconsistent with Bodum's prior representations.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 24.

*Bodum's changing interpretations of the 2008 Agreement*

**ALLEGATION NO. 25:**

The Amended Complaint is the first lawsuit in which Bodum construes the 2008 Agreement as an exclusivity agreement.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 25.

**ALLEGATION NO. 26:**

In a 2019 lawsuit against Starbucks, captioned *Bodum Holding AG et al v. Starbucks Corporation*, C.A. 1:19-cv-04280-ER (S.D.N.Y 2019), Bodum identified specific double-walled glassware products it allegedly "proposed" to Starbucks, and further alleged that Starbucks breached the 2008 Agreement by selling non-Bodum double-walled glass products because those products ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ("2019 Lawsuit"). *Id.*, Dkt. No. 93, ¶¶ 105–107.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 26.

7

**ALLEGATION NO. 27:**

Bodum did not allege in the 2019 Lawsuit, as it does in this Amended Complaint, that the 2008 Agreement granted Bodum exclusivity or first right of refusal with respect to French press product offerings, or any other product developed or sold by Starbucks.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 27.

**ALLEGATION NO. 28:**

Nor did Bodum previously claim that any of the French press coffeemakers Starbucks sourced from other suppliers and sold over the years breached the 2008 Agreement.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 28.

**ALLEGATION NO. 29:**

Under Bodum's new interpretation of the 2008 Agreement, Starbucks is foreclosed in perpetuity from offering its customers French press coffeemakers that are more affordable or of higher quality than what Bodum may offer unless Bodum agrees that Starbucks may do so. Not only is this not what the 2008 Agreement states, but Starbucks would never have agreed to such a provision. No reasonable company would.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 29.

*The Espro Press*

**ALLEGATION NO. 30:**

Starbucks has no contractual obligation to purchase French press coffeemakers or any other product exclusively from Bodum, or to offer Bodum the first right of refusal for the sale of any French press coffeemaker or other product.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 30.

**ALLEGATION NO. 31:**

In March 2022, Starbucks began selling an off-the-shelf French press coffeemaker developed by Espro (or its parent entity Regal Ware, Inc.) ("Espro Press").

8

**ANSWER:**

Bodum lacks sufficient knowledge to admit or deny the allegations of Paragraph No. 31 and therefore denies same.

**ALLEGATION NO. 32:**

Starbucks has offered the Espro Press for sale at select Starbucks Reserve locations in the United States.

**ANSWER:**

Bodum admits the allegations of Paragraph No. 32.

**ALLEGATION NO. 33:**

On information and belief, Espro has been offering the Espro Press for sale in the United States from as early as June 18, 2019, and—in Canada—from as early as April 19, 2017.

**ANSWER:**

Bodum lacks sufficient knowledge to admit or deny the allegations of Paragraph No. 33 and therefore denies same.

**ALLEGATION NO. 34:**

On further information and belief, Bodum has asserted no violation of its intellectual property or trade dress rights against Espro or Regal Ware, Inc. in connection with the Espro Press, which would be expected if Bodum truly believed the press embodied Bodum's proprietary designs.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 34.

**ALLEGATION NO. 35:**

The Espro Press is an off-the shelf-product, meaning Starbucks had no input in the design or development of the Espro Press.

**ANSWER:**

Bodum lacks sufficient knowledge to admit or deny the allegations of Paragraph No. 35 and therefore denies same.

**ALLEGATION NO. 36:**

Starbucks therefore neither ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with respect to the Espro Press as contemplated in Section 1 the 2008 Agreement.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 36.

## COUNT I: DECLARATORY JUDGMENT

**ALLEGATION NO. 37:**

Starbucks repeats and incorporates by reference each and every allegation set forth in paragraphs 1–36.

**ANSWER:**

Bodum incorporates its preceding answers to each of the preceding paragraphs as and for its answer to this Paragraph No. 37, as though fully set forth herein.

**ALLEGATION NO. 38:**

There exists an actual, imminent and justiciable controversy between Starbucks and Bodum regarding the enforceability and interpretation of Section 1 of the 2008 Agreement.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 38.

**ALLEGATION NO. 39:**

In addition, there exists an actual, imminent and justiciable controversy between Starbucks and Bodum regarding whether Section 1 imposes any obligation on Starbucks to purchase French press coffeemakers or other products from Bodum.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 39.

**ALLEGATION NO. 40:**

Resolution of this issue through the declaratory judgment procedure will enable the Parties to adjudicate their rights at this time and thus avoid any possible harm from delay in resolving the issue.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 40.

**ALLEGATION NO. 41:**

Starbucks therefore requests a judicial determination that Section 1 of the 2008 Agreement is unenforceable against Starbucks under Illinois law on grounds that (1) material terms of Section 1 concerning Starbucks sale of non-Bodum products are ambiguous; (2) there was no meeting of the minds or mutual assent to essential terms of Section 1 concerning Starbucks sale of non-Bodum products; and (3) Section 1, as interpreted by Bodum, is an unreasonable noncompete agreement in restraint of trade.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 41.

**ALLEGATION NO. 42:**

Alternatively, in the event that this Court holds that the 2008 Agreement is an exclusivity agreement or right of first refusal, which Starbucks disputes, Starbucks requests a judicial determination that the 2008 Agreement is a contract of indefinite duration and terminable at will under Illinois law.

**ANSWER:**

Bodum denies the allegations of Paragraph No. 42.

**BODUM'S AFFIRMATIVE DEFENSES TO STARBUCKS'S COUNTERCLAIM**

**FIRST DEFENSE**

The Counterclaim fails to state a claim upon which relief may be granted against Bodum.

**SECOND DEFENSE**

Starbucks's Counterclaim is barred, in whole or in part, by the doctrine of estoppel.

**THIRD DEFENSE**

Starbucks's Counterclaim is barred, in whole or in part, by the doctrine of waiver.

**FOURTH DEFENSE**

Starbucks's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH DEFENSE

Starbucks's Counterclaim is barred, in whole or in part, by unjust enrichment.

## ANSWERS TO STARBUCKS CORPORATION'S AFFIRMATIVE DEFENSES

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted against Starbucks.

**ANSWER:**

Bodum denies that the Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The Amended Complaint fails because Bodum has not suffered any damage or injury as a result of any act or conduct of Starbucks.

**ANSWER:**

Bodum denies that the Amended Complaint fails and further answering, states that it has suffered damage and injury as a result of Starbucks's conduct.

## THIRD DEFENSE

The Amended Complaint fails because Bodum's damages, if any, were not caused, in whole or in part, by the alleged conduct of Starbucks.

**ANSWER:**

Bodum denies that the Amended Complaint fails and further answering, states that its damages were caused by Starbucks's conduct.

## FOURTH DEFENSE

Bodum has failed to mitigate its alleged damages.

**ANSWER:**

Bodum denies that it has failed to mitigate its damages.

**FIFTH DEFENSE**

The Amended Complaint is barred by Bodum's own breach of contract.

**ANSWER:**

Bodum denies that the Amended Complaint is barred and/ or that Bodum breached any applicable contract.

**SIXTH DEFENSE**

The Amended Complaint is barred by the doctrine of estoppel.

**ANSWER:**

Bodum denies that the Amended Complaint is barred by the doctrine of estoppel.

**SEVENTH DEFENSE**

The Amended Complaint is barred by Bodum's unclean hands.

**ANSWER:**

Bodum denies that the Amended Complaint is barred by unclean hands.

**EIGHTH DEFENSE**

The Amended Complaint is barred by waiver and/or laches.

**ANSWER:**

Bodum denies that the Amended Complaint is barred on the grounds of waiver and/or laches.

**NINTH DEFENSE**

The Amended Complaint is barred due to no meeting of the minds with respect to the essential terms of Section 1 of the 2008 Agreement.

**ANSWER:**

Bodum denies that the Amended Complaint is barred by a lack of meeting of the minds. Answering further, Bodum states the 2008 Agreement is enforceable per the plain language of the contract.

### TENTH DEFENSE

The Amended Complaint is barred due to ambiguity of the essential terms of Section 1 of the 2008 Agreement.

**ANSWER:**

Bodum denies that the Amended Complaint is barred due to an ambiguity of the essential terms of Section 1 of the 2008 Agreement. Answering further, Bodum states that the 2008 Agreement is enforceable per the plain language of the contract.

### ELEVENTH DEFENSE

The Amended Complaint is barred because Section 1 of the 2008 Agreement, as interpreted by Bodum, constitutes an unenforceable restraint of trade.

**ANSWER:**

Bodum denies that the Amended Complaint is barred or that the 2008 Agreement is an unenforceable restraint of trade.

### TWELFTH DEFENSE

The Amended Complaint is barred on grounds of unilateral or mutual mistake. A basic premise of the 2008 Agreement was that Bodum could produce evidence that the Chambord French Press had acquired a secondary meaning, when in fact it could not do so at that time.

**ANSWER:**

Bodum denies that Count III of the Third Amended Complaint is barred on the grounds of unilateral and/or mutual mistake.

### THIRTEENTH DEFENSE

The Amended Complaint is barred on grounds that Section 1 of the 2008 Agreement, as interpreted by Bodum, is an agreement in perpetuity that is terminable at will.

**ANSWER:**

Bodum denies that the Amended Complaint is barred on the grounds that Section 1 of the 2008 Agreement, is an agreement in perpetuity that is terminable at will.

Dated: July 5, 2023

Respectfully submitted,

By: /s/ Nicole J. Wing
    Nicole J. Wing

Nicole J. Wing
Madeline V. Tzall
VEDDER PRICE P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
nwing@vedderprice.com

Attorneys for Plaintiffs
BODUM USA, INC., and
PI-DESIGN AG