IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BODUM USA, INC. and PI-DESIGN AG,<br><br>        Plaintiffs,<br>v.<br><br>STARBUCKS CORPORATION,<br><br>        Defendant. | DECLARATION OF KARI L. VANDER STOEP IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO RE-OPEN FACT DISCOVERY AND EXTEND EXPERT DISCLOSURE DEADLINE<br><br>Case No. 1:23-cv-02946<br><br>Hon. Andrea R. Wood |

I, Kari L. Vander Stoep, declare as follows:

1. I am an attorney duly licensed to practice law before the United States District Court for the Northern District of Illinois by virtue of my *pro hac vice* admission. I am a partner with the law firm of K&L Gates LLP, and I am counsel of record for Defendant Starbucks Corporation ("Starbucks") in the above-captioned matter. I submit this declaration in support of Starbucks Opposition to Plaintiffs' Motion to Re-Open Fact Discovery and Extend Expert Disclosure Deadline.

2. I have personal knowledge of the facts stated herein and, if called as a witness, would testify competently hereto.

3. On October 2, 2023, Starbucks served its Responses and Objections to Plaintiffs Bodum USA, Inc. and Pi-Design AG's (collectively, "Bodum") First Set of Requests for Production. Attached as **Exhibit A** is a true and correct copy of Starbucks Responses and Objections to Bodum's First Set of Requests for Production of Documents. Attached as **Exhibit B**

508859366.9

is a true and correct copy of Starbucks Responses and Objections to Bodum's First Set of Interrogatories. In response to Bodum's Interrogatory No. 3 ("Identify all individuals with knowledge of Starbucks[] sales data related to the design, sourcing and/ or sale of the Espro Press."), Starbucks identified the four following Starbucks partners: Kate Ivy, Gretchen Kulesza, Chang Miao, and Sarah Taylor. Between October 2, 2023, and the close of discovery on November 15, 2024, Bodum never requested to depose these Starbucks partners.

4. On October 23, 2023, Bodum served Starbucks with a discovery deficiency letter. Attached as **Exhibit C** is a true and correct copy of an email thread containing an October 23, 2023 email regarding Bodum's discovery deficiency letter (at p. 9). Attached as **Exhibit D** is a true and correct copy of Bodum's October 23, 2023 discovery deficiency letter.

5. On November 3, 2023, the parties met and conferred regarding Bodum's October 23, 2023 discovery deficiency letter, among other discovery issues.

6. On February 9, 2024, Bodum sent Starbucks an email containing the list of products that Bodum believes are applicable to this case and should be used to search for documents responsive to Requests for Production Nos. 7 and 8. Attached as **Exhibit E** is a true and correct copy of the February 9, 2024 Bodum correspondence.

7. On February 22, 2024, Starbucks sent Bodum an email following up on the ongoing discovery issues. Attached as **Exhibit F** is a true and correct copy of the February 22, 2024 Starbucks correspondence and subsequent emails between Bodum's counsel and Starbucks counsel.

8. On March 12, 2024, Bodum sent Starbucks a list of Starbucks partners that Bodum believes had the most substantive involvement with Bodum sourcing. Attached as **Exhibit G** is a true and correct copy of the March 12, 2024 Bodum correspondence.

9. On May 16, 2024, Starbucks sent Bodum a list of search terms and custodians. Attached as **Exhibit H** is a true and correct copy of the list of search terms and custodians attached to Starbucks May 16, 2024 email. While Starbucks initially did not agree to Bodum's request for an additional proposed search string ("((French or coffee or brew or travel) w/5 press) but not Bodum") (*see* Exhibit F at 3–5), the parties subsequently met and conferred on June 3, 2024. During the conference, Starbucks agreed to use the following search string "((French or coffee or brew or travel) NEAR 5 press) NOT Bodum" and use Continuous Active Learning ("CAL") through its discovery vendor's platform to cut off review if the search string demonstrated that it was no longer producing a statistically significant level of responsive documents. During the review process, the CAL analysis never identified a statistically low enough responsiveness rate to justify cutting off review of documents hit by Bodum's requested search string. As a result, Starbucks document review team reviewed all documents hit by the string and produced responsive documents.

10. On July 10, 2024, Starbucks served Bodum with its First Supplemental Responses and Objections to Bodum's First Set of Requests for Production. Attached as **Exhibit I** is a true and correct copy of Starbucks First Supplemental Responses and Objections to Bodum's First Set of Requests for Production of Documents.

11. On August 18, 2024, Starbucks produced its final document production. Attached as **Exhibit J** is a true and correct copy of Starbucks August 18, 2024 correspondence. In total, Starbucks produced 30,484 documents and incurred $220,000 in K&L Gates attorneys' fees to develop document collection strategies and review Starbucks documents for responsiveness, privilege, and protective order confidentiality designations. Starbucks incurred an additional cost of $535,321 for its e-discovery vendor's fees associated with Starbucks collection, review, and

production of these documents.

12. Between Starbucks final document production on August 18, 2024, and the close of fact discovery on November 15, 2024, Starbucks did not receive further correspondence from Bodum regarding Bodum's Requests for Production Nos. 6–8. Nor did Bodum serve any additional discovery requests.

13. On December 17, 2024, Bodum's counsel sent an email to Starbucks counsel requesting additional documents after the close of fact of discovery. Attached as **Exhibit K** is a true and correct copy of Bodum's December 17, 2024 correspondence and subsequent emails between Bodum's and Starbucks counsel.

14. Prior to the close of fact discovery, Starbucks produced many documents regarding the Espro French press sales, including the units sold and the price that Starbucks paid. These include documents titled, "Q1 FY24 Reserve Merch Sales" (Bates No. SBUX0055873) and "Merchandise FY22 Spend by Supplier" (Bates No. SBUX0097200). For instance, "Merchandise FY22 Spend by Supplier" includes information on the spend quantity, average price, and invoice amount for non-Bodum French presses, including the Espro French press. Similarly, for the document titled "Q1 FY24 Reserve Merch Sales," this document includes sales information (quantity and price) for non-Bodum French presses, including the Espro French press.

15. Prior to the close of fact discovery, Starbucks also produced many documents regarding Starbucks product forecasts. For example, Starbucks produced a document titled, "End Date Analysis FY23 Summer" (Bates No. SBUX0040388), which provides non-Bodum French press product forecasts, including the Espro French press. Information contained in this document includes the current inventory, expected run out date, extending the products' end date, open purchase orders, and reordering.

-5-

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

EXECUTED this 6th day of January, 2025.

>*/s/ Kari L. Vander Stoep*
>Kari L. Vander Stoep
>K&L Gates LLP
>925 Fourth Avenue
>Suite 2900
>Seattle, Washington 98104
>Phone: 206.623.7580
>Kari.Vanderstoep@klgates.com