# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

BODUM USA INC., and PI-DESIGN AG,

        Plaintiffs,

v.

STARBUCKS CORPORATION,

        Defendant.

No. 1:23-cv-02946

**DEFENDANT STARBUCKS CORPORATION'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS BODUM USA, INC. AND PI-DESIGN AG'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Starbucks

Corporation ("Starbucks"), hereby responds and objects to Plaintiffs Bodum USA, Inc. and Pi-

Design AG's First Set of Requests for Production (the "Requests"). Each of the following

responses is made only for the purposes of this action. Each response is subject to all objections

as to relevance, materiality, and admissibility, and to any and all objections on any ground that

would require exclusion of any response if it were introduced in court. All evidentiary objections,

including but not limited to objections on the basis of work product doctrine and attorney-client

privilege are expressly reserved. Production of documents by Starbucks in response to the

Requests will be made subject to the terms of a Stipulated Confidentiality Agreement and

Protective Order to be negotiated and executed by the parties, and all of Starbucks rights thereunder

are expressly reserved. Any responsive documents that Starbucks expects to contain confidential

information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality

Agreement and Protective Order. Starbucks responses are based on its present knowledge and

information, and it expressly reserves the right to amend or supplement its responses stated herein.

**OBJECTIONS TO DEFINITIONS**

1. Starbucks objects to the definition of "Starbucks" as vague and ambiguous to the extent it includes "affiliates" as acting on the behalf of or under the control of Starbucks Corporation. For the purpose of answering these Interrogatories, Starbucks shall interpret this term to mean Starbucks Corporation, and any predecessors, or Starbucks Corporation's directors, officers, employees, agents, representatives, accountants, and/or anyone acting on Starbucks Corporation's behalf or under its control.

2. Starbucks objects to the definition of "Espro Press" as vague and ambiguous. For the purpose of responding to these Interrogatories, Starbucks shall interpret this term to mean the Espro French Press coffee maker sold by Starbucks as SKU 11133160.

**ANSWERS AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:**

All documents related to the negotiation, execution and/or performance of the 2008 Settlement Agreement.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the term "related to" is vague and overbroad as to its scope. For the purpose of this response, Starbucks interprets this term to mean documents referring to negotiation, execution or performance of the 2008 Settlement Agreement. Starbucks objects to the Request on the basis that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Starbucks objects to this Request to the extent the requested documents are

now equally or exclusively in the possession of Plaintiffs or Plaintiffs' owners or controlling persons.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents referring to the negotiation, execution, or performance of the 2008 Settlement Agreement that are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 2:**

All documents related to what Starbucks believed its obligations under the 2008 Settlement Agreement were.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "related to", and "what Starbucks believed its obligations under the 2008 Settlement Agreement were" are vague and ambiguous. For the purpose of this response, Starbucks interprets these terms to mean documents referring to Starbucks obligations under the 2008 Settlement Agreement. Starbucks objects to the Request on the basis that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Starbucks further objects that this Request is duplicative of Request No. 1.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents referring to Starbucks obligations under the 2008 Settlement Agreement that are not protected by the attorney-client privilege, attorney work product, or other similar

protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 3:**

All documents related to instructions or direction that Starbucks employees were given in relation to the 2008 Agreement.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "related to instructions or direction" are vague and ambiguous. For purpose of this response, Starbucks interprets these terms to mean any non-privileged documents referring to compliance with the 2008 Settlement Agreement. Starbucks objects to the Request on the basis that it is unduly burdensome and not proportional to the needs of the case. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Starbucks further objects that this Request is duplicative of Request Nos. 1–2.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents referring to compliance with the 2008 Settlement Agreement that are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 4:**

All documents related to any statements made after the execution of the 2008 Settlement Agreement similar to what Lisa Harpster testified Harry Roberts told her: that Starbucks would be using Bodum for presses initially.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "related to", and "similar to what Lisa Harpster testified Harry Roberts told her: that Starbucks would be using Bodum for presses initially" are vague and ambiguous. For purpose of this response, Starbucks interprets these terms to mean documents that include any statements made after the execution of the 2008 Settlement Agreement that Starbucks would be using Bodum for presses initially. Starbucks objects to the Request on the basis that it is unduly burdensome and not proportional to the needs of the case. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Starbucks further objects that this Request is duplicative of Request Nos. 1–3.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents that include any statements made after the execution of the 2008 Settlement Agreement that Starbucks would be using Bodum for presses initially, that are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 5:**

All documents related to Starbucks's consideration of, or discussion about, whether selling a non-Bodum product would or may violate the 2008 Agreement.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "related to", "consideration of", and "discussion about" are vague and ambiguous. Starbucks further objects

that this Request is overbroad and not proportionate to the needs of the case to the extent it is not

limited to Bodum French press coffee makers. For purpose of this response, Starbucks interprets

these terms to mean non-privileged documents referring to whether Starbucks sale of a non-Bodum

French press product would or may violate the 2008 Settlement Agreement. Starbucks objects to

the extent that the Request calls for documents subject to the attorney-client privilege, attorney

work product, or other similar protections.

Starbucks is in the process of identifying and searching for responsive documents and will

produce documents referring to whether Starbucks sale of a non-Bodum French press coffee maker

would or may violate the 2008 Settlement Agreement that are not protected by the attorney-client

privilege, attorney work product, or other similar protections, if any.  Any responsive documents

that Starbucks expects to contain confidential information will not be produced (if at all) until the

parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 6:**

All documents (dated after the execution of the 2008 Agreement) related to Starbucks's consideration of, or discussion about, whether a non-Bodum French press product would be sold.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes

duplicative or irrelevant documents. Starbucks further objects that the terms "related to",

"consideration of", and "discussion about" are vague and ambiguous. For purpose of this response,

Starbucks interprets these terms to mean non-privileged documents sufficient to identify any non-

Bodum French press sold by Starbucks after the execution of the 2008 Settlement Agreement.

Starbucks objects to the Request on the basis that it is overly broad, unduly burdensome, and not

proportional to the needs of the case. Starbucks objects to the extent that the Request calls for

documents subject to the attorney-client privilege, attorney work product, or other similar protections.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents sufficient to identify any non-Bodum French press sold by Starbucks after the execution of the 2008 Settlement Agreement that are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 7:**

Documents sufficient to show what designs Starbucks believes Bodum has proposed to it since the execution of the 2008 Agreement.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "what designs Starbucks believes Bodum has proposed to it" is vague and ambiguous. For the purpose of this response, Starbucks interprets this phrase to mean product prototypes or custom written product proposals for French press coffee makers prepared by Bodum exclusively for Starbucks and provided in written form to Starbucks that remain in Starbucks possession after execution of the 2008 Settlement Agreement. Starbucks further objects to the Request on the basis that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to Espro French press coffee makers. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Starbucks objects to this Request to the extent the requested documents are now equally or exclusively in the possession of Plaintiffs or Plaintiffs' owners or controlling persons.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents sufficient to show product prototypes or custom written product proposals for French press coffee makers prepared by Bodum exclusively for Starbucks and provided in written form to Starbucks after execution of the 2008 Settlement Agreement that are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 8:**

For the products in Request No. 7, documents sufficient to show the number of units sold and the price that Starbucks paid for the products.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "documents" includes duplicative or irrelevant documents. Starbucks further objects that the term "products" is vague and ambiguous. For the purpose of this response, Starbucks interprets this phrase to mean product prototypes or custom written product proposals for French press coffee makers prepared by Bodum exclusively for Starbucks and provided in written form to Starbucks that remain in Starbucks possession after execution of the 2008 Settlement Agreement. Starbucks objects to the Request on the basis that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks sales data concerning products that are not at issue in this litigation sold over the course of fifteen years. Starbucks further objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents sufficient to show the number of units sold and the price that Starbucks paid for product prototypes or custom written product proposals for French press coffee makers prepared by Bodum exclusively for Starbucks and sold by Starbucks after execution of the 2008 Settlement Agreement.

Dated: October 2, 2023                                    Respectfully submitted,


                                                          /s/ Kari L. Vander Stoep

                                                          **K&L Gates LLP**

                                                          Brian J. Smith
                                                          ARDC No. 6321543
                                                          Ketajh M. Brown
                                                          ARDC No. 1106210
                                                          K&L GATES LLP
                                                          70 West Madison Street, Suite 3300
                                                          Chicago, Illinois 60602
                                                          Phone: 312.807.4448
                                                          Brian.J.Smith@klgates.com
                                                          Ketajh.Brown@klgates.com

                                                          Pallavi Mehta Wahi (*pro hac vice*)
                                                          Kari L. Vander Stoep (*pro hac vice*)
                                                          Ashley E.M. Gammell  (*pro hac vice*)
                                                          K&L GATES LLP
                                                          925 Fourth Avenue, Suite 2900
                                                          Seattle, Washington 98104
                                                          Phone: 206.623.7580
                                                          Pallavi.Wahi@klgates.com
                                                          Kari.Vanderstoep@klgates.com
                                                          Ashley.Gammell@klgates.com

                                                          *Counsel for Defendant Starbucks*
                                                          *Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2023 a true and correct copy of the foregoing STARBUCKS

REPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR

PRODUCTION 1–8 was served upon Plaintiffs' counsel of record by electronic mail at the

following address:

>Robert S. Rigg
>Madeline V. Tzall
>Vedder Price P.C.
>222 North LaSalle Street
>Suite 2600
>Chicago, Illinois 60601

*/s/ Kari L. Vander Stoep*

-10-