# Exhibit D



Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
Dallas
Miami
vedderprice.com

October 23, 2023

Madeline V. Tzall
Associate
+1 312 609 7880
mtzall@vedderprice.com

Associate

**VIA E-MAIL**

Brian J. Smith
Ketajh M. Brown
K&L Gates, LLP
70 W. Madison St.
Chicago, IL 60602
(312) 807-4202
Brian.J.Smith@klgates.com
Ketajh.Brown@klgates.com

Ashley E.M. Gammell
Kari L. Vander Stoep
Pallavi Mehta Wahi
K&L Gates, LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 370-8095
Ashley.Gammell@klgates.com
kari.vanderstoep@klgates.com
pallavi.wahi@klgates.com

Re:    Bodum USA Inc. v. Starbucks Corporation, No. 1:23-cv-02946

Dear Counsel :

We write pursuant to Fed. R. Civ. P. 37 concerning deficiencies in defendant Starbucks Corporation's ("Starbucks" or "Defendant") responses to Bodum USA Inc. and Pi-Design AG's (collectively, "Bodum" or "Plaintiffs") First Set of Document Requests and Interrogatories. Please provide the information requested herein that addresses the deficiencies discussed below, by no later than October 30, 2023.

In order to facilitate the discovery process, we request a meet and confer call to discuss these discovery issues, and specifically electronic discovery. Please advise of available times for your team the week of October 23, 2023.

Additionally, we are in receipt of your email from Ashley Gammell on Tuesday, October 3, 2023 at 10:53 a.m. containing proposed drafts of the Confidentiality Stipulation and Protective Order "Proposed Confidentiality Order") and an ESI Order. While we have addressed the Proposed Confidentiality Order via separate email, we have further reservations and concerns about the proposed ESI Order. We note that the Northern District of Illinois contains no such model order, and this document appears to be pulled from a Western District of Washington template. Given the proposed ESI Order is lacking

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, Vedder Price Pte. Ltd., which operates in Singapore, and Vedder Price (FL) LLP, which operates in Florida.

VP/#63128203.4

October 23, 2023
Page 2

certain ESI requirements from Judge Woods' standing order and is duplicative of already existing obligations, we do not believe it makes sense for this case. We recommend discussing any terms of ESI production between the parties at an upcoming meet and confer. We believe the parties can work these terms out between themselves and we are prepared to do so in good faith.

### I. Starbucks' Responses and Objections to Bodum's First Set of Interrogatories

A. Interrogatory No. 1

*Identify each person whom you believe to have knowledge of information relevant to the subject matter of the action, to the extent that you have not already done so in your disclosures pursuant to Fed. R. Civ. P. 26(a)(1)*

In its response, Starbucks does not disclose any additional individuals in response to this Interrogatory. Bodum is aware that Howard Schultz and Kelly Bengston were involved in numerous meetings between the two parties concerning the claims at issue in this case. Bodum is also aware that Lisa Harpster, a former Starbucks employee, has knowledge of the claims. Bodum requests that Starbucks supplement its disclosures and Response to Interrogatory No. 1 accordingly.

B. Interrogatory No. 2

*Identify all individuals involved in auditing, tracking or approving the supply chain for products purchased from Bodum from 2008 to present.*

Starbucks objects to this Interrogatory as "overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information related to the supply chain for any 'products purchased from Bodum from 2008 to present." The scope of this Interrogatory is sufficiently focused on relevant and proportional information; the timeframe extends only from the execution of the 2008 Settlement Agreement which is central to the claims in this case. The scope of this Interrogatory substantively focuses on products purchased from Bodum, including the Espro Press, because the 2008 Agreement and the parties' interpretations thereof have granted Bodum an implied right of first refusal over coffee press products. Additional disclosure is requested to the extent that the Response to Interrogatory No. 2 does not include individuals with direct knowledge of the supply chain *for coffee press products purchased from Bodum from 2008 to the present*.

C. Interrogatory No. 5

*Identify all individuals with knowledge of Starbucks's actual or perceived obligations under the 2008 Settlement Agreement.*

Starbucks objects to this Interrogatory on the basis that "actual or perceived obligations under the 2008 Settlement Agreement" is vague and ambiguous. Starbucks unilaterally interprets this Interrogatory to seek "the identity of individuals with knowledge of the negotiation, execution, and/or performance of the 2008 Settlement Agreement." Supplemental disclosure is requested to the extent that Starbucks' disclosure of individuals with knowledge of the negotiation, execution and/or performance of the 2008 Settlement Agreement does not include individuals with knowledge or understanding of any implied obligations under the 2008 Settlement Agreement.

October 23, 2023
Page 3

II. **Starbucks' Objections and Responses to Bodum's First Requests for Production of Documents ("Requests")**

A. Request No. 1

*All documents related to the negotiation, execution and/or performance of the 2008 Settlement Agreement.*

Starbucks objects to this request on a number of grounds, including that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Starbucks also specifically objects to the term "all documents," as encompassing irrelevant documents, and the term "related to" as vague, and overbroad in scope. Bodum finds little legitimate basis for these objections given that Starbucks requested the exact same documents in its First Set of Requests for Production of Documents to Bodum. (Starbucks Request No. 1, "Produce <u>all documents</u> and communications <u>related to</u> the drafting, negotiation, and/or execution of the 2008 Settlement"). Supplemental disclosure, and appropriate searches for responsive ESI can be further discussed on a meet and confer call.

B. Request No. 2

*All documents related to what Starbucks believed its obligations under the 2008 Settlement Agreement were.*

Starbucks objects to this Request on the grounds that the phrase "what Starbucks believed its obligations under the 2008 Settlement Agreement were" is vague and ambiguous. Bodum sees no ambiguity in the phrase, which clearly seeks documents related to internal understandings of its obligations under the 2008 Settlement Agreement. Starbucks further objects to this Request on the basis that it is "overly broad, unduly burdensome, and not proportional to the needs of the case." As such, Starbucks unilaterally interprets this Request to mean "documents referring to Starbucks obligations under the 2008 Settlement Agreement." Bodum requests that Starbucks produce documents relating to internal knowledge or understanding of any implied obligations under the 2008 Settlement Agreement.

C. Request No. 5

*All documents related to Starbucks's consideration of, or discussion about, whether selling a non-Bodum product would or may violate the 2008 Agreement.*

Starbucks objects to the request as "overbroad and not proportionate to the needs of the case to the extent it is not limited to Bodum French press coffee makers." Starbucks improperly and unilaterally narrows this Request only to mean " documents referring to whether Starbucks sale of a non-Bodum French press product would or may violate the 2008 Settlement Agreement." Reserving all rights and without waiving any arguments on relevance grounds, Bodum is willing to narrow this Request to documents related to non-Bodum French press products.

D. Request No. 6

*All documents (dated after the execution of the 2008 Agreement) related to Starbucks's*

October 23, 2023
Page 4

*consideration of, or discussion about, whether a non-Bodum French press product would be sold.*

Starbucks improperly, and without any relevant objection, narrows this request to "documents sufficient to identify any non-Bodum French press sold by Starbucks after the execution of the 2008 Settlement Agreement." Bodum specifically requests documents related to Starbucks' consideration of, or discussion about, <u>whether</u> a non-Bodum French press product <u>would</u> be sold, not simply those non-Bodum French press products that Starbucks actually sold. Bodum requests production of documents responsive to these clear terms of its Request.

  E. Request Nos. 7 and 8

Request No. 7: *Documents sufficient to show what designs Starbucks believes Bodum has proposed to it since the execution of the 2008 Agreement.*

Request No. 8: *For the products in Request No. 7, documents sufficient to show the number of units sold and the price that Starbucks paid for the products.*

Starbucks objects that the terms "what design Starbucks believes Bodum has proposed to it" is vague and ambiguous. In response, Starbucks inappropriately and unilaterally interprets this phrase to mean "product prototypes or custom written product proposals for French press coffee makers prepared by Bodum exclusively for Starbucks and provided in written form to Starbucks that remain in Starbucks possession after execution of the 2008 Settlement Agreement." For the purposes of Request No. 7, Bodum requests production reflecting Starbucks' acknowledgement of *any* design proposal, whether oral or in writing, tendered by Bodum since the execution of the 2008 Agreement. For the purposes of Request No. 8, Bodum requests documents sufficient to show the number of units sold and the price that Starbucks paid for any products proposed by Bodum in any form.

Very truly yours,

/s/ Madeline V. Tzall
Attorney for Plaintiffs

Robert S. Rigg
Madeline V. Tzall
Erica L. Schuman
Vedder Price P.C.
222 N LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
rrigg@vedderprice.com
mtzall@vedderprice.com
eschuman@vedderprice.com

VP/#63128203.4