# Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BODUM USA INC., and PI-DESIGN AG, <br><br> Plaintiffs, <br><br> v. <br><br> STARBUCKS CORPORATION, <br><br> Defendant. | No. 1:23-cv-02946 |

**DEFENDANT STARBUCKS CORPORATION'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS BODUM USA, INC. AND PI-DESIGN AG'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Starbucks Corporation ("Starbucks"), hereby provides its First Supplemental Responses and Objections to Plaintiffs Bodum USA, Inc. and Pi-Design AG's First Set of Requests for Production (the "Requests"). Each of the following responses is made only for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All evidentiary objections, including but not limited to objections on the basis of work product doctrine and attorney-client privilege are expressly reserved. Production of documents by Starbucks in response to the Requests will be made subject to the terms of a Stipulated Confidentiality Agreement and Protective Order to be negotiated and executed by the parties, and all of Starbucks rights thereunder are expressly reserved. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order. Starbucks responses are based

on its present knowledge and information, and it expressly reserves the right to amend or supplement its responses stated herein.

## OBJECTIONS TO DEFINITIONS

1. Starbucks objects to the definition of "Starbucks" as vague and ambiguous to the extent it includes "affiliates" as acting on the behalf of or under the control of Starbucks Corporation. For the purpose of answering these Interrogatories, Starbucks shall interpret this term to mean Starbucks Corporation, and any predecessors, or Starbucks Corporation's directors, officers, employees, agents, representatives, accountants, and/or anyone acting on Starbucks Corporation's behalf or under its control.

2. Starbucks objects to the definition of "Espro Press" as vague and ambiguous. For the purpose of responding to these Interrogatories, Starbucks shall interpret this term to mean the Espro French Press coffee maker sold by Starbucks as SKU 11133160.

## ANSWERS AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents related to the negotiation, execution and/or performance of the 2008 Settlement Agreement.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the term "related to" is vague and overbroad as to its scope. For the purpose of this response, Starbucks interprets this term to mean documents referring to negotiation, execution or performance of the 2008 Settlement Agreement. Starbucks objects to the Request on the basis that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other

similar protections. Starbucks objects to this Request to the extent the requested documents are now equally or exclusively in the possession of Plaintiffs or Plaintiffs' owners or controlling persons.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents referring to the negotiation, execution, or performance of the 2008 Settlement Agreement that are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 2:**

All documents related to what Starbucks believed its obligations under the 2008 Settlement Agreement were.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "related to", and "what Starbucks believed its obligations under the 2008 Settlement Agreement were" are vague and ambiguous. For the purpose of this response, Starbucks interprets these terms to mean documents referring to Starbucks obligations under the 2008 Settlement Agreement. Starbucks objects to the Request on the basis that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Starbucks further objects that this Request is duplicative of Request No. 1.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents referring to Starbucks obligations under the 2008 Settlement Agreement that

are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 3:**

All documents related to instructions or direction that Starbucks employees were given in relation to the 2008 Agreement.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "related to instructions or direction" are vague and ambiguous. For purpose of this response, Starbucks interprets these terms to mean any non-privileged documents referring to compliance with the 2008 Settlement Agreement. Starbucks objects to the Request on the basis that it is unduly burdensome and not proportional to the needs of the case. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Starbucks further objects that this Request is duplicative of Request Nos. 1–2.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents referring to compliance with the 2008 Settlement Agreement that are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 4:**

All documents related to any statements made after the execution of the 2008 Settlement Agreement similar to what Lisa Harpster testified Harry Roberts told her: that Starbucks would be

using Bodum for presses initially.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "related to", and "similar to what Lisa Harpster testified Harry Roberts told her: that Starbucks would be using Bodum for presses initially" are vague and ambiguous. For purpose of this response, Starbucks interprets these terms to mean documents that include any statements made after the execution of the 2008 Settlement Agreement that Starbucks would be using Bodum for presses initially. Starbucks objects to the Request on the basis that it is unduly burdensome and not proportional to the needs of the case. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Starbucks further objects that this Request is duplicative of Request Nos. 1–3.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents that include any statements made after the execution of the 2008 Settlement Agreement that Starbucks would be using Bodum for presses initially, that are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 5:**

All documents related to Starbucks's consideration of, or discussion about, whether selling a non-Bodum product would or may violate the 2008 Agreement.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "related to",

"consideration of", and "discussion about" are vague and ambiguous. Starbucks further objects that this Request is overbroad and not proportionate to the needs of the case to the extent it is not limited to Bodum French press coffee makers. For purpose of this response, Starbucks interprets these terms to mean non-privileged documents referring to whether Starbucks sale of a non-Bodum French press product would or may violate the 2008 Settlement Agreement. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents referring to whether Starbucks sale of a non-Bodum French press coffee maker would or may violate the 2008 Settlement Agreement that are not protected by the attorney-client privilege, attorney work product, or other similar protections, if any. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 6:**

All documents (dated after the execution of the 2008 Agreement) related to Starbucks's consideration of, or discussion about, whether a non-Bodum French press product would be sold.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "all documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "related to", "consideration of", and "discussion about" are vague and ambiguous. For purpose of this response, Starbucks interprets these terms to mean non-privileged documents sufficient to identify any non-Bodum French press sold by Starbucks after the execution of the 2008 Settlement Agreement. Starbucks objects to the Request on the basis that it is overly broad, unduly burdensome, and not proportional to the needs of the case. Starbucks objects to the extent that the Request calls for

documents subject to the attorney-client privilege, attorney work product, or other similar protections.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents sufficient to identify any non-Bodum French press sold by Starbucks after the execution of the 2008 Settlement Agreement that are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**REQUEST NO. 7:**

Documents sufficient to show what designs Starbucks believes Bodum has proposed to it since the execution of the 2008 Agreement.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "documents" includes duplicative or irrelevant documents. Starbucks further objects that the terms "what designs Starbucks believes Bodum has proposed to it" is vague and ambiguous. For the purpose of this response, Starbucks interprets this phrase to mean product prototypes or custom written product proposals for French press coffee makers prepared by Bodum exclusively for Starbucks and provided in written form to Starbucks that remain in Starbucks possession after execution of the 2008 Settlement Agreement. Starbucks further objects to the Request on the basis that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it is not limited to Espro French press coffee makers. Starbucks objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Starbucks objects to this Request to the extent the requested documents are now equally or exclusively in the possession of Plaintiffs or Plaintiffs' owners or controlling persons.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents sufficient to show product prototypes or custom written product proposals for French press coffee makers prepared by Bodum exclusively for Starbucks and provided in written form to Starbucks after execution of the 2008 Settlement Agreement that are not protected by the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

**STARBUCKS JULY 10, 2024 SUPPLEMENTAL RESPONSE AND OBJECTIONS TO REQUEST No. 7:**

==Pursuant to a meet and confer of the parties and subsequent negotiations concerning Starbucks objections to Request No. 7, Starbucks conducted a reasonable search for and has produced or will produce documents or communications (1) referencing a list of certain Bodum French press products identified by Bodum's counsel, and (2) between Bodum and Starbucks discussing other Bodum French press products.== By producing these documents, Starbucks objects and does not concede that such documents or communications constitute "Bodum's product designs that have been identified to Starbucks as proposed designs" under Section 1 of the 2008 Settlement Agreement between Starbucks and Bodum.

**REQUEST NO. 8:**

For the products in Request No. 7, documents sufficient to show the number of units sold and the price that Starbucks paid for the products.

**RESPONSE:**

Starbucks objects to this Request to the extent that the term "documents" includes duplicative or irrelevant documents. Starbucks further objects that the term "products" is vague

and ambiguous. For the purpose of this response, Starbucks interprets this phrase to mean product prototypes or custom written product proposals for French press coffee makers prepared by Bodum exclusively for Starbucks and provided in written form to Starbucks that remain in Starbucks possession after execution of the 2008 Settlement Agreement. Starbucks objects to the Request on the basis that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks sales data concerning products that are not at issue in this litigation sold over the course of fifteen years. Starbucks further objects to the extent that the Request calls for documents subject to the attorney-client privilege, attorney work product, or other similar protections. Any responsive documents that Starbucks expects to contain confidential information will not be produced (if at all) until the parties enter into a Stipulated Confidentiality Agreement and Protective Order.

Starbucks is in the process of identifying and searching for responsive documents and will produce documents sufficient to show the number of units sold and the price that Starbucks paid for product prototypes or custom written product proposals for French press coffee makers prepared by Bodum exclusively for Starbucks and sold by Starbucks after execution of the 2008 Settlement Agreement.

**STARBUCKS JULY 10, 2024 SUPPLEMENTAL RESPONSE AND OBJECTIONS TO REQUEST No. 8:**

Pursuant to a meet and confer of the parties and subsequent negotiations concerning Starbucks objections to Requests No. 7 and No. 8, Starbucks conducted a reasonable search for and has produced or will produce documents or communications (1) showing the number of units sold and the price that Starbucks paid for a list of certain Bodum French press products identified by Bodum's counsel, and (2) showing the number of units sold and the price that Starbucks paid

for other Bodum French press products. By producing these documents, Starbucks objects and does not concede that such documents or communications constitute "Bodum's product designs that have been identified to Starbucks as proposed designs" under Section 1 of the 2008 Settlement Agreement between Starbucks and Bodum.

Dated: July 10, 2024

Respectfully submitted,

/s/ Kari L. Vander Stoep

**K&L Gates LLP**

Brian J. Smith
ARDC No. 6321543
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, Illinois 60602
Phone: 312.807.4448
Brian.J.Smith@klgates.com

Pallavi Mehta Wahi (*pro hac vice*)
Kari L. Vander Stoep (*pro hac vice*)
Ashley E.M. Gammell  (*pro hac vice*)
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104
Phone: 206.623.7580
Pallavi.Wahi@klgates.com
Kari.Vanderstoep@klgates.com
Ashley.Gammell@klgates.com

*Counsel for Defendant Starbucks Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2024, a true and correct copy of the foregoing DEFENDANT STARBUCKS CORPORATION'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS BODUM USA, INC. AND PI-DESIGN AG'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS was served upon Plaintiffs' counsel of record by electronic mail at the following address:

>Ashley Pendleton (6328690)
>James E. Griffith (6269854)
>Ziliak Law LLC
>141 W. Jackson Blvd., Ste 4048
>Chicago, IL 60604
>Tel: 312.462.3350
>apendleton@ziliak.com
>jgriffith@ziliak.com
>docket@ziliak.com

>*/s/ Kari L. Vander Stoep*

-11-