## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

BODUM USA, INC. and PI-DESIGN AG,

    Plaintiffs,

v.

STARBUCKS CORPORATION,

    Defendant.

Case No. 1:23-cv-02946

Hon. Andrea R. Wood

### DECLARATION OF KARI L. VANDER STOEP IN SUPPORT OF DEFENDANT STARBUCKS CORPORATION'S
### REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

I, Kari L. Vander Stoep, declare as follows:

1.  I am an attorney duly licensed to practice law before the United States District Court for the Northern District of Illinois by virtue of my *pro hac vice* admission. I am a partner with the law firm of K&L Gates LLP, and I am counsel of record for Defendant Starbucks Corporation ("Starbucks") in the above-captioned matter. I submit this declaration in support of Starbucks Reply in Support of Starbucks Motion for Summary Judgment.

2.  I have personal knowledge of the facts stated herein and, if called as a witness, would testify competently hereto.

3.  Attached as **Exhibit 1** is a true and correct copy of excerpts from the deposition transcript of Howard Schultz, dated April 21, 2025.

4.  Attached as **Exhibit 2** is a true and correct copy of excerpts from the deposition transcript of Jorgen Bodum, dated November 5, 2024.

5.  Attached as **Exhibit 3** is a true and correct copy of a January 15, 2008 email between Thomas Perez, Harry Roberts, Julie Felss, Kathleen Albrecht, Joergen Bodum, and David Bennett circulating a draft of the 2008 Settlement Agreement, as produced by Plaintiffs in this

litigation as BDM_0000742 (the email) and BDM_0000744 (the draft agreement attached to the email). Plaintiffs produced this document with a "Confidential" designation pursuant to the parties' Agreed Confidentiality Order (Dkt. No. 36).

6. Attached as **Exhibit 4** is a true and correct copy of excerpts from the deposition transcript of Thomas Perez, dated September 21, 2024. Portions of the excerpts from the deposition transcript of Thomas Perez were designated as "Confidential" pursuant to the parties' Agreed Confidentiality Order (Dkt. No. 36) by either Starbucks or Bodum because the witness (i) testified regarding his personal address, and (ii) described portions of documents marked as Confidential in the parties' document productions related to conversations regarding strategies and other business information, including negotiations.

7. Attached as **Exhibit 5** is a true and correct copy of excerpts from the deposition transcript of David Bennett, dated September 23, 2024. Portions of the excerpts from the deposition transcript of David Bennett were designated as "Confidential" pursuant to the parties' Agreed Confidentiality Order (Dkt. No. 36) by Starbucks because the witness described portions of documents marked as Confidential in the parties' document productions related to conversations regarding strategies and other business information, including negotiations.

8. Attached as **Exhibit 6** is a true and correct copy of a January 21, 2008 email between Thomas Perez, Harry Roberts, Joergen Bodum, and Axel Kierkegaard circulating a draft of the 2008 Settlement Agreement (which is then forwarded to Kathleen Albrecht), as produced by Starbucks in this litigation as SBUX0000719 (the email) and SBUX0000721 (the draft agreement attached to the email). Starbucks produced this document with a "Confidential" designation pursuant to the parties' Agreed Confidentiality Order (Dkt. No. 36).

9. Attached as **Exhibit 7** is a true and correct copy of excerpts from the deposition

transcript of Harry Roberts, dated October 18, 2024. Portions of the excerpts from the deposition transcript of Harry Roberts were designated as "Confidential" pursuant to the parties' Agreed Confidentiality Order (Dkt. No. 36) by Starbucks because the witness described portions of documents marked as Confidential in the parties' document productions related to conversations regarding strategies and other business information, including negotiations.

10. Attached as **Exhibit 8** is a true and correct copy of excerpts from the deposition transcript of Lisa Harpster, dated November 1, 2024.

11. Attached as **Exhibit 9** is a true and correct copy of excerpts from the deposition transcript of Alice Chi Martin, dated November 11, 2024. Portions of the excerpts from the deposition transcript of Alice Chi Martin were designated as "Confidential" pursuant to the parties' Agreed Confidentiality Order (Dkt. No. 36) by Starbucks because the witness described portions of documents marked as Confidential in the parties' document productions related to conversations regarding strategies and other business information, including negotiations.

12. Attached as **Exhibit 10** is a true and correct copy of excerpts from the deposition transcript of Kelly Bengston, dated November 12, 2024. Portions of the excerpts from the deposition transcript of Kelly Bengston were designated as "Confidential" pursuant to the parties' Agreed Confidentiality Order (Dkt. No. 36) by Starbucks because the witness described portions of documents marked as Confidential in the parties' document productions related to conversations regarding strategies and other business information, including negotiations.

13. Attached as **Exhibit 11** is a true and correct copy of excerpts from the deposition transcript of Kasper Himmelstrup, dated September 4, 2024. Portions of the excerpts from the deposition transcript of Kasper Himmelstrup were designated as "Confidential" pursuant to the parties' Agreed Confidentiality Order (Dkt. No. 36) by Starbucks because the witness described

portions of documents marked as Confidential in the parties' document productions related to conversations regarding strategies and other business information, including negotiations.

14. Attached as **Exhibit 12** is a true and correct copy of excerpts from the deposition transcript of Alain Grossenbacher, dated October 18, 2024. Portions of the excerpts from the deposition transcript of Alain Grossenbacher were designated as "Confidential" pursuant to the parties' Agreed Confidentiality Order (Dkt. No. 36) by Starbucks because the witness described portions of documents marked as Confidential in the parties' document productions related to conversations regarding strategies and other business information, including negotiations.

15. Attached as **Exhibit 13** is a true and correct copy of a June 3-17, 2022 email exchange between Joergen Bodum, Peter Bodum, Kelly Bengston and Howard Schultz regarding an invitation to meet, as produced by Bodum in this litigation as BDM_0000885.

16. Attached as **Exhibit 14** is a true and correct copy of a June 24-25, 2022 email exchange between Joergen Bodum, Peter Bodum, Kelly Bengston and Howard Schultz after holding a meeting, as produced by Bodum in this litigation as BDM_0000897.

17. Attached as **Exhibit 15** is a true and correct copy of excerpts from the deposition transcript of Mari Okami, dated October 4, 2024. Portions of the excerpts from the deposition transcript of Mari Okami were designated as "Confidential" pursuant to the parties' Agreed Confidentiality Order (Dkt. No. 36) by Starbucks because the witness described portions of documents marked as Confidential in the parties' document productions related to conversations regarding strategies and other business information, including negotiations.

//

//

-5-

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

EXECUTED this 15th day of July, 2025.

*/s/ Kari L. Vander Stoep*
Kari L. Vander Stoep
K&L Gates LLP
925 Fourth Avenue
Suite 2900
Seattle, Washington 98104
Phone: 206.623.7580
Kari.Vanderstoep@klgates.com